IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

MARINE DYNAMICS, INC.,

        Plaintiff,

v.

SPORT MARINE TECHNOLOGIES, INC.,

        Defendant.

Case No. 2:14-cv-02292

## COMPLAINT

For its complaint against Defendant, Sport Marine Technologies, Inc., Plaintiff, Marine Dynamics, Inc., alleges as follows:

### THE PARTIES

1. Plaintiff, Marine Dynamics, Inc., is a Kansas corporation having offices and a principal place of business at 14717 West 114th Terrace, Lenexa, Kansas 66215.

2. Defendant, Sport Marine Technologies, Inc., is a Texas corporation and, upon information and belief, has a principal place of business at 11552 Massey Road, Pilot Point, Texas 76258.

### JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

4. This Court has federal-question jurisdiction over the subject matter of Count I pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has diversity jurisdiction over the subject matter of Counts II and III pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are deemed to be citizens of

1

different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Additionally, the Court has supplemental jurisdiction over the subject matter of Counts II and III pursuant to 28 U.S.C. § 1367(a) in that these claims are so related to the claim for patent infringement that they form part of the same case or controversy.

7. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant has committed, and continues to commit, acts of infringement in the state of Kansas, has conducted business in the state of Kansas, has entered into one or more contracts in the state of Kansas, and/or has engaged in continuous and systematic activities in the state of Kansas.

8. Venue properly lies in the District of Kansas pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

### COUNT I – PATENT INFRINGEMENT

9. Plaintiff incorporates by reference and re-alleges the allegations in paragraphs 1 through 8 above as if fully set forth herein.

10. On November 6, 2012, United States Patent No. 8,302,549 B2 ("the '549 Patent"), entitled "Boat Stabilizer, Boat Motor and Related Method," was duly and legally issued by the United States Patent and Trademark Office to Plaintiff. A true and accurate copy of the '549 Patent is attached hereto as Exhibit A.

11. Plaintiff owns all right, title, and interest in and to the '549 Patent, including the sole right to sue and recover past and future damages thereunder.

12. Defendant has directly infringed and continues to directly infringe one or more claims of the '549 Patent by making, using, selling, offering for sale and/or importing products

covered by the '549 Patent, including without limitation, the SE Sport 400 hydrofoil and the SE Sport 200 and 300 hydrofoils with the drill-free Sport Clip.

13. Upon information and belief, Defendant has induced and continues to induce infringement of one or more claims of the '549 Patent by selling its SE Sport 400 hydrofoil and its SE Sport 200 and 300 hydrofoils with the drill-free Sport Clip and instructing its customers to install and use the hydrofoils on boat motors with knowledge, at least from the time of Defendant's receipt of this complaint, that such installation of the hydrofoils on boat motors is an infringement of the '549 Patent.  Upon information and belief, Defendant's customers have infringed the '549 Patent by installing the SE Sport 400 hydrofoil and the SE Sport 200 and 300 hydrofoils with the drill-free Sport Clip on boat motors and such infringement was the intended result of Defendant's actions.

14. Upon information and belief, Defendant has been on notice of the '549 Patent and has willfully continued its direct infringement and inducement of infringement of the '549 Patent.

15. Defendant's actions complained of herein are causing irreparable harm and monetary damages to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

### COUNT II – DECLARATORY JUDGMENT

16. Plaintiff incorporates by reference and re-alleges the allegations in paragraphs 1 through 15 above as if fully set forth herein.

17. On February 17, 2014, Plaintiff filed in this Court its Complaint in Civil Action No. 2:13-cv-2601, alleging infringement of the '549 Patent as set forth in Count I, above.

18. On May 20, 2014, counsel for Defendant wrote to counsel for Plaintiff asserting, *inter alia*, that Plaintiff's claim against Defendant for infringement of the '549 Patent is contractually barred by a 1995 Settlement Agreement ("Agreement") that resolved Civil Action No. 94-0736-CV-W-1, filed August 5, 1994 in the United States District Court for the Western District of Missouri by Plaintiff against Defendant and others (the "Prior Litigation").

19. Plaintiff disputes Defendant's overbroad interpretation of the relevant provisions of the Agreement and maintains that its infringement claim against Defendant under the '549 Patent is not contractually barred by the Agreement or by any other contract.

20. Defendant has threatened to bring counterclaims against Plaintiff for alleged violations of various provisions of the Agreement in the event Plaintiff continues to pursue its patent-infringement claim against Defendant under the '549 Patent.

21. An actual controversy of a justiciable nature exists between Plaintiff and Defendant regarding whether Plaintiff's claim against Defendant for infringement of the '549 Patent is contractually barred and/or violates other provisions of the Agreement. Plaintiff is entitled to a declaratory judgment of its rights under 28 U.S.C. §§ 2201 and 2202 to afford relief from the uncertainty and controversy that Defendants' assertions have precipitated.

22. Specifically, Plaintiff is entitled to a declaration that its claim against Defendant for infringement of the '549 Patent is not contractually barred and that neither Plaintiff's claim against Defendant nor Plaintiff's communications to third parties regarding Defendant's infringement of the '549 Patent violate the terms of the Agreement.

### COUNT III – REFORMATION OF 1995 SETTLEMENT AGREEMENT

23. Plaintiff incorporates by reference and re-alleges the allegations in paragraphs 1 through 22 above as if fully set forth herein.

24. Prior to the preparation and execution of the Agreement, Plaintiff, Defendant, and the other parties to the Prior Litigation reached agreement regarding terms of a settlement.

25. In the terms of the settlement, the parties reached an agreement regarding the types of hydrofoil stabilizers Defendant would be permitted to manufacture, market, and sell.

26. In the terms of the settlement, the parties also reached an agreement regarding the then-present and future claims for patent infringement to be released against Defendant and the codefendants.

27. In his May 20, 2014 correspondence, counsel for Defendant asserts that, as written, the Agreement's covenant not to sue contractually bars Plaintiff from bringing a patent-infringement lawsuit against Defendant based on any hydrofoil stabilizer that is non-infringing of United States Patent No. 5,048,449 (the "'449 Patent"), one of the patents Plaintiff alleged in the Prior Litigation that Defendant had infringed.

28. Neither Plaintiff nor Defendant nor any other party to the Agreement intended for the Agreement to bar a lawsuit for infringement of a patent not in existence on the effective date of the Agreement. Thus, due to the parties' mutual mistake in drafting the terms of the Agreement, it failed to accurately set forth the parties' terms of agreement and broadened the scope of Plaintiff's release against Defendant and the codefendants beyond the parties' true intentions.

29. Accordingly, in the event the Court agrees with the interpretation and/or construction of the Agreement now advocated by Defendant, the Court should, in the alternative, reform the Agreement by modifying the relevant terms to reflect the actual terms of agreement— including but not limited to the limited scope of Plaintiff's release—and the true prior intentions of the parties.

**RELIEF REQUESTED**

Based on the foregoing, Plaintiff requests that this Court enter a judgment:

(a) Preliminarily and permanently enjoining and restraining Defendant, its officers, directors, agents, dealers, representatives, servants, and employees, and all parties in active concert with Defendant, from infringing and inducing infringement of the '549 Patent;

(b) Finding Defendant's infringement and inducement of infringement of the '549 Patent to be willful;

(c) Granting to Plaintiff an award of damages, together with prejudgment interest, for the damages suffered by Plaintiff as a result of the infringement and inducement of infringement by Defendant, and an award trebling said damages as a result of the willful nature of Defendant's infringement and inducement of infringement in accordance with 35 U.S.C. § 284;

(d) Declaring that Plaintiff's claim for patent infringement against Defendant in this case is not contractually barred, and specifically that a showing of non-infringement of the '449 Patent is not sufficient to bar Plaintiff from claiming infringement of the '549 Patent or any other patent that was not in existence on the effective date of the Agreement;

(e) In the alternative, reforming the Agreement by modifying the relevant terms to reflect the actual terms of agreement and the true prior intentions of the parties—including but not limited to narrowing the scope of Plaintiff's release to prevent a showing of non-infringement of the '449 Patent from being sufficient to bar Plaintiff from claiming infringement of the '549 Patent or any other patent that was not in existence on the effective date of the Agreement;

(f) Awarding Plaintiff its costs and attorneys' fees pursuant to 35 U.S.C. § 285 and/or the attorney-fee provision of the Agreement; and

(g) Granting Plaintiff such other and further relief and remedy as justice may require.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all the issues so triable in this matter.

Respectfully Submitted,

Dated: June 17, 2014

/s/ ***Michael B. Hurd***
Michael B. Hurd, Kansas Bar No. 12521
Matthew B. Walters, Kansas Bar No. 23514
Todd A. Gangel, Kansas Bar No. 21315
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
Overland Park, Kansas 66210
 (913) 647-9050   Fax: (913) 647-9057
mhurd@hoveywilliams.com
mwalters@hoveywilliams.com

ATTORNEYS FOR PLAINTIFF